IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:05CR3142 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JOSHUA LOUDERBACK, | ) | |
| | ) | |
| Defendant. | ) | |

     I am in receipt of the presentence investigation report in this case. Except for the defendant's motion for departure due to overstatement of criminal history and for departure or deviation (variance) because of extraordinary rehabilitation (filing 26), there are no objections or motions for departure or variance.

     IT IS ORDERED that:

     (1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

     (2)    Having considered the advisory Guidelines, and all the statutory goals

of sentencing, I deny the defendant's motion (filing 26) in its entirety. In an abbreviated fashion my reasons for doing so are set forth below:

> A. The motion (filing 26 ¶ 2) regarding overstatement of criminal history is denied because that history is not overstated in terms of what actually happened and because the convictions which comprise the history accurately predict recidivism in this case. The defendant stands in Criminal History Category II and seeks a departure to Criminal History Category I. While only infractions, the three convictions for drug-related activities, at least one of which occurred less than six months prior to the child pornography offense at issue here, are highly suggestive that the defendant possesses an addictive personality and is more likely to commit another crime than the typical offender found in Criminal History Category I without multiple drug-related convictions. In particular, the addictive nature of child pornography when associated with drug-abuse should not be ignored when assessing the adequacy of criminal history scores.

> B. The motion regarding departure or deviation (variance) due to post-offense rehabilitation (filing 26 ¶¶ 2-3) is denied. Even if I accept as true every fact (as opposed to opinion) recited in the defendant's brief (filing 27), a departure or deviation due to the defendant's efforts at rehabilitation is not warranted. While laudable, his treatment efforts were not extraordinary or atypical in kind or degree. In addition, and at least in part, those efforts were clearly motivated by the criminal investigation. In reaching this decision, I have read and I have considered the letters from Chuck Borden, Rev. John Morrow, Chaplain Mike Heili and Rick Ragsdale sent to me by defense counsel on June 6, 2006.

(3) Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

June 8, 2006.    BY THE COURT:
s/ *Richard G. Kopf*
United States District Judge