IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3142 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JOSHUA LOUDERBACK, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, through his very able lawyer, has filed an objection to my tentative findings. He claims that I "summarily" denied his motions for departure or variance. For three reasons, I will deny the objection.

First, I did not "summarily" deny his motions. Although it was short, a fair reading of my decision indicates that it was reasoned. (See filing 28 ¶ 2 A & B.) The defendant is free to disagree with my reasoning, and he may appeal any sentence that I might impose as a result of that alleged error. However, and respectfully, he should not mischaracterize what I did.

Second, the objection does not comply with my order. (See filing 28 ¶ 4 requiring, among other things, that an objection be accompanied by evidentiary materials, a brief and a statement describing why an evidentiary hearing is necessary.) No evidentiary materials were submitted. (Note that I have already considered the facts submitted with the motions and by letter from defense counsel). No brief was submitted, and no showing was made why an evidentiary hearing was necessary. In short, my order meant what it said.

Third, an evidentiary hearing is not necessary. Both explicitly and implicitly, my tentative findings either assumed that the operative facts (as opposed to conclusions) were essentially as suggested by the defendant or were as laid out in the presentence report as to which the defendant told me (filing 26 ¶ 1) he had no

1

objection. Even so, those facts did not convince me that a departure or variance was warranted. Despite the objection, nothing has changed.

IT IS ORDERED that the defendant's objection (filing 29), including the request for an evidentiary hearing, is denied. This, of course, does not preclude the defendant and his lawyer from urging that I impose a sentence below the advisory Guidelines range when I hear them pursuant to Federal Rule of Criminal Procedure 32(i)(4).

June 13, 2006.                    BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge